**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) |
| | ) **4:14 CR 00088 RWS (SPM)** |
| | ) |
| **DIONNE GATLING,** | ) |
| **TIMOTHY LAMONT RUSH,** | ) |
| **ANDRE ALPHONSO RUSH, and** | ) |
| **LORENZO RALPH GIBBS,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' JOINT MOTION TO SUPPRESS EVIDENCE PURSUANT TO *CARPENTER V. UNITED STATES*

COMES NOW Defendant Dionne Gatling, Timothy Lamont Rush, Andre Alphonso Rush and Lorenzo Ralph Gibbs, by and through their respective Counsel, and for their Joint Motion to Suppress Pursuant to *Carpenter v. United States*, state as follows:

1.     During the course of discovery, the Government sought and was granted Applications for Pen Register and Trap-and-Trace Devices and for Disclosure of Telecommunications Records, which were applicable to each Defendant and, in one case, an unknown number that was believed to be utilized by Dionne Gatling and others known and unknown, to-wit:

a.     Application for Pen Register and Trap-and-Race Devices and Order, filed August 9, 2012, being No. 4:12MC00454 TCM, concerning **Dionne Gatling**, which Application and Order are attached hereto and incorporated herein by reference, marked **Exhibit A**.

b.      Application for Pen Register and Trap-and-Trace for Telephone Number 404-552-7024, filed August 16, 2012, being No. 4:12MC00461 NAB; the Order signed and filed August 16, 2012, a copy of which is attached hereto and incorporated herein by reference, marked **Exhibit A**.  Note should be made that the Order indicates that this number was used by **Dionne Gatling** and others known and unknown

c.      Application for Pen Register and Trap-and-Race Devices and Order, filed September 11, 2012, being No. 4:12MC00510 FRB, concerning **Andre Rush**, which Application and Order are attached hereto and incorporated herein by reference, marked **Exhibit C**.

d.      Application for Pen Register and Trap-and-Race Devices and Order, filed September 11, 2012, being No. 4:12MC00511 FRB, concerning **Timothy Rush**, which Application and Order are attached hereto and incorporated herein by reference, marked **Exhibit D**.

e.      Application for Pen Register and Trap-and-Race Devices and Order, filed September 13, 2012, being No. 4:12MC00520 TIA, concerning **Lorenzo Gibbs**, together with the Application of First Extension and Order, signed November 9, 2012, which Applications and Orders are attached hereto and incorporated herein by reference, marked **Exhibit E**.

f.      Application for Pen Register and Trap-and-Race Devices and Order, filed November 16, 2012, being No. 4:12MC00648 NAB, concerning **Dionne Gatling**, together with the Application of First Extension and Order, signed January 14, 2013, which Applications and Orders are attached hereto and incorporated herein by reference, marked **Exhibit F**.

g.      Application for Pen Register and Trap-and-Race Devices and Order, filed May 9, 2013, being No. 4:13MC00231 DDN, concerning **Lorenzo Gibbs**, which Application and Order are attached hereto and incorporated herein by reference, marked **Exhibit G**.

h.      Application for Pen Register and Trap-and-Race Devices and Order, filed May 9, 2013, being No. 4:13MC00232 DDN, concerning **Timothy Rush**, which Application and Order are attached hereto and incorporated herein by reference, marked **Exhibit H**.

i.      Application for Pen Register and Trap-and-Race Devices and Order, filed May 9, 2013, being No. 4:13MC00233 DDN, concerning **Andre Rush**, which Application and Order are attached hereto and incorporated herein by reference, marked **Exhibit I**.

j.      Application for Pen Register and Trap-and-Race Devices and Order, filed May 9, 2013, being No. 4:13MC00234 DDN, concerning **Dionne Gat**ling, which Application and Order are attached hereto and incorporated herein by reference, marked **Exhibit J**.

2.      As described in Paragraph 1, the Government made Applications for Pen Register and Trap-and-Trace Devices on each of the above dates, each of which Applications and Order requested information to "detect radio signals emitted from wireless cellular telephones in the vicinity of the Subject that identify those telephones" and were effective for sixty (60) days.

3.      It is Defendants' best knowledge and belief that none of the phones sought to be accessed and identified were performed in the context of a Warrant.

4.      On June 22, 2018, the United States Supreme Court issued its Opinion in the case of *Carpenter v. United States,* 585 U.S. ___ (slip op., Jun. 22, 2018) which holds that law enforcement must obtain a warrant to permit access to cell-site location information (CSLI). CSLI is generated when a phone communicates with a cell phone tower.  Sometimes this data is generated by a user's **intentional** actions – by placing a phone call, sending a text message, or turning the phone one, the user causes the phone to communicate with the nearest cell tower. CSLI can also be generated **automatically** – when a phone receives a text message, or when the phone sends a period update to the network, for example.  The greater the concentration of cell

towers, the more accurate the location data will be.  Thus, it is far easier to pin down an individual's precise location in an urban area than in a rural one.   The cell phone companies keep records of CSLI for business purposes, but this information can be used to reconstruct the movements of a particular phone over a long period of time.

5.     The Supreme Court in *Carpenter* held that the issuance of said Orders, without a Warrant, violates the Defendants' rights under the Fourth Amendment, *inter alia*,

> Having found that the acquisition of Carpenter's CSLI was a search, we conclude that the government must generally obtain a warrant supported by probable cause before acquiring such records. Although the "ultimate measure of the constitutionality of a government search is 'reasonableness,'" our cases established that warrantless searches are typically unreasonable where "a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing." *Veronica School Dist., 47J v. Acton*, 515 U.S. 646, 653-653 (1995).  Thus "[i]n the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Carpenter*, 585 U.S. ___ (slip op., 18).

6.     Inasmuch as this case is a pending case, the herein Defendants are entitled to the relief provided in *Carpente*r.

7.     Undersigned Counsel has personally discussed with Assistant United States Attorney Tiffany Becker the issues raised in this Motion.

WHEREFORE, for the foregoing reasons, Defendants pray that this Honorable Court suppress any and all evidence obtained from the Applications and Orders relative for Pen Register and Trap-and-Trace Devices attributable to any Defendant;  and for such other and orders as the Court deems just and proper in the premises.

Respectfully Submitted,

/s/  **JoANN TROG**
JoAnn Trog                        42725MO
Attorney for Dionne Gatling
121 West Adams Avenue
Saint Louis, Missouri 63122
Telephone:     (314) 821-1111
 Facsimile:     (314) 821-0798
 E-mail:        jtrogmwb@aol.com


/s/  **PRESTON HUMPHREY, JR.**
Preston Humphrey, Jr.
Attorney for Timothy Lamont Rush
1015 Locust Street, Suite 413
Saint Louis, Missouri 63101
Telephone:     (314) 621-1765
 Facsimile:     (314) 621-0020
 E-mail:        phumphrey@phlawstl.com


/s/  **ROBERT HERMAN**
Robert Herman
Attorney for Andre Alphonso Rush
8820 Ladue Road, Suite 201
Saint Louis, Missouri 63124
Telephone:     (314) 862-0200
 Facsimile:     (314) 8620-3050
 E-mail:        bherman@laduelaw.com


/s/  **STEPHEN R. WELBY**
Stephen R. Welby
Federal Public Defender
Attorney for Lorenzo Ralph Gibbs
650 Missouri Avenue, Suite G-10A
East St. Louis, Illinois
Telephone:     (618) 482-9050
 E-mail:        steve_welby@fd.org

5

**CERTIFICATE OF SERVICE**

Signature of the foregoing document is also certification that a true and correct copy has been filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon Dean Hoag, Michael Reilly and Tiffany Becker, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, Saint Louis, Missouri 63102 on this 27th day of July, 2018, 2018.


/s/  ***JoAnn Trog***