**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) | |
| ) | |
|       **Plaintiff,** ) | |
| vs. ) | |
| ) | 4:14 CR 00088 RWS (SPM) |
| ) | |
| DIONNE GATLING, ) | |
| TIMOTHY LAMONT RUSH, ) | |
| ANDRE ALPHONSO RUSH, and ) | |
| LORENZO RALPH GIBBS, ) | |
| ) | |
|       **Defendants.** ) | |

**DEFENDANTS' REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO SUPPRESS EVIDENCE PURSUANT TO *CARPENTER V. UNITED STATES***

COME NOW Defendant Dionne Gatling, Timothy Lamont Rush, Andre Alphonso Rush and Lorenzo Ralph Gibbs, by and through their respective Counsel, and for their Reply to the Government's Response to the Defendants' Joint Motion to Suppress Pursuant to *Carpenter v. United States*, state as follows:

The Government correctly states that two categories were raised in the Defendants' Joint Motion. The first was an Application for Pen Register and Trace-and-Trace Devices for Disclosure of Telecommunications Records on telephone number (404) 552-7024. *See* Defendants' Exhibit B.

The second category was a series of Orders (and extensions) which the Government obtained which authorized the installation and use of pen registers and trap-and-trace devices to identify unknown cellular phone number(s) used by the defendants whose locations were unknown to investigators. *See* Exhibits A, C, D, E, F, G, H, I, J. All of these applications and

Orders authorized the DEA to install and use pen registers and trap-and-trace devices to detect radio signals emitted from wireless cellular telephones in the vicinity of each respective subject that identify those telephones possessed by the subject by the following means, including but not limited to:  (i) transmitting the phones' electronic serial number (ENS); (ii) international mobile equipment identity (IMEI); or (iii) mobile equipment identifier (MEID) and/or MIN to a cellular network for authentication.

The Government stated in its Response that "The location of the target subjects would necessarily have been known to investigators in order for them to execute the Court's order." *See* Government's Response, Doc. 629, p. 3.  Unfortunately, that statement is not borne out by the discovery provided Defendants, the Affidavit dated August 28, 2018, which was the subject of the Franks' Hearing and the testimony adduced at the Hearing, to-wit:

1.  **DEA 6 Reports**.  With regard to Defendant Gatling, on August 9, 2012, an Order was issued relative to the Government's Application for Pen Register and Trap-and-Trace "who is using one or more unidentified wireless telephones."  *See* Defendants' Exhibit A, p. 1.  A Warrant was not issued on the Government's initial application for pen register and trap-and-trace on Defendant Gatling's phone number (314) 598-2330 until September 20, 2012.  However, information contained in the DEA 6s provided the following information:

(a)   On August 25, 2012, TFO Budds was monitoring the PLI data from cellular telephone #314-598-2330 which is being utilized by Dionne GATLING.  The data revealed the cellular device was in the vicinity of Dunnica Avenue and Bamberger Avenue, St. Louis, MO, for approximately 45 minutes (DEA6-00027).

(b)   On August 29, 2012, TFO Lang was monitoring the PLI data from cellular telephone #314-598-2330 which is being utilized by Dionne GATLING.  The data revealed the cellular device was in the vicinity of Gravois Avenue and Cherokee Streets, St. Louis, MO. (DEA6-00031).

(c)   On September 6, 2012, TFO Lang was monitoring the PLI data from cellular telephone #314-598-2330 which is being utilized by Dionne GATLING.  The data revealed the cellular device was in the vicinity of Linden Street and North Tucker Blvd., St. Louis, MO (DEA6-00040).

(d)   On September 19, 2012, investigators utilizing a Precision Location Device (PLI), identified that target telephone number (314) 598-2330, as being used by target Dionne GATLING was in the area of 3900 Keokuk St. Louis, Missouri (DEA6-00060).

In light of the foregoing, the question must be raised, by what authority the Government obtained the information provided in the DEA 6s inasmuch as the Warrant on telephone number (314) 598-2330 was not issued until September 20, 2012.

2.   **Affidavit of August 28, 2012, for Wire Interceptions**.  The Affidavit contains specific information relating to cell phone location for purposes of locating Defendant Gatling:

(a)   **Paragraphs 22**:  Court authorized precision location information (PLI) on cellular device (314) 358-4269 confirms that the device is at least within a residence of SUAREZ while (PLI) information on TARGET TELEPHONE #1 confirms that the device is being carried and utilized by GATLING  (00013).

(b)   **Paragraph 33**:  For example, trash pulls, surveillance, use of Precision Location Information (PLSI) on target telephones, GPS use and toll and pen register analysis will be and/or is being utilized in the investigation (00018).

3.   **Testimony at Evidentiary Hearing on October 19 and 20, 2016**.  To further buttress this point, there is the testimony of both Agent Budds and Agent Johnson at the Evidentiary Hearing to-wit:

(a)   *Testimony of Agent Johnson, Vol 3, October 19, 2016*[1]

Q:  (Reilly) And this particular [precision location information], that's for Target   Phone 1, is that correct?

A.  Yes

Q.  What's the significance of this data?

A.   The PLI placed a phone inside the residence that we identified as Gatling's residence in St. Charles, St. Charles County, whatever.

---

[1] Citations to the Evidentiary Hearing are in the following format:  Volume No., Transcript page number, line number.

Q.   Based on your training and experience did this corroborate the information you had received from Confidential Source 1?

A.   Yes, because she had said Gatling was in St. Louis and that he was on that phone. So it not only corroborated that he was in St. Louis, but that phone was pinging almost on top of his residence.
(Vol. III, 122, 21-25; 123, 1-9)

Questions regarding surveillance of Gatling on or after August 6, 2012

Q. (Welby)  Your report indicates that you used some surveillance techniques?

A.   Surveillance was conducted on Gatling in conjunction with PLI data.
(Vol. III, 203, 14-17).

**(b)**     *Testimony of Agent Budds, Vol 4, October 20, 2016*

Q: (Reilly)   And I should respond – rephrase my question.  You went to that particular vicinity based upon the location of the phone, the PLI information; is that correct?

A. Yes, I did.

Q.  And that's for phone number (314) 598-2330, the target device in this case?

A.  Yes, sir.
(Vol. IV, 31, 24-25; 32, 1-5)

\* \* \* \* \*

Q. (Reilly) Over the course of the investigation prior to filing the affidavit on August 28th of  2012, did you form an opinion as to the residence of Dionne Gatling based on the totality of the investigation?

A.  Yes

Q.  And what was that?

A.  Through surveillance and through the PLI's, we determined that Dionne Gatling was residing at 4481 Austin Valley Court in St. Charles.
(Vol. IV, 34, 16-24)

4

\* \* \* \* \*

Q.  (Reilly) Then you became aware – you mentioned the PLI data.  That was another indicator that Mr. Gatling resided at 4481 Austin Valley Court; is that correct?

A.  Yes, sir.
(Vol. IV, 35, 8-11)

\* \* \* \* \*

Q.  (Reilly) And based on the totality of the information available to DEA St. Louis on August 28th, 2012, did you and the investigative team form an opinion as to whether there was probable cause to believe that Target Telephone 1 was being used by Dionne Gatling to speak with his narcotic source of supply Fidel Suarez?

A.  Yes
(Vol. IV. 38, 22-25; 39, 1-3)

The foregoing information clearly provides irrefutable evidence that the Government did, in fact, utilize information obtained from cell-site location without first obtaining a Warrant. Clearly, such action is wholly in contravention of the principles enunciated in *Carpenter v. United States*, 585 U.S. ___ (slip. Op., Jun. 22, 2018) which holds that law enforcement must obtain a warrant to permit access to cell-site location information (CSLI).

The DEA relied on cell-site location information to procure a pen register and trap-and-trace on Defendant Gatling's phone numbers (314) 598-2330; however, the Warrant was not issued until September 20, 2012.  Up until that point in time, the DEA was relying solely, by its own admissions, on the cell-site location information it obtained without a warrant and, therefore, in contravention of *Carpenter* which clearly and equivocally states:

> Having found that the acquisition of Carpenter's CSLI was a search, we conclude that the government must generally obtain a warrant supported by probable cause before acquiring such records. Although the "ultimate measure of the constitutionality of a government search is 'reasonableness,'" our cases established that warrantless searches are typically unreasonable where "a search is

undertaken by law enforcement officials to discover evidence of criminal wrongdoing." *Veronica School Dist., 47J v. Acton*, 515 U.S. 646, 653-653 (1995).  Thus "[i]n the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Carpenter*, 585 U.S. ___ (slip op., 18).

## CONCLUSION

In light of the foregoing, this Court must issue its Order suppressing all the evidence obtained and which originated from the initial Orders as set forth in Exhibit A, C, D, E, F. G, H, I, whose only authority was an Order, not a Warrant.

Respectfully Submitted,

*/s/* **JoANN TROG**
JoAnn Trog                    42725MO
Attorney for Dionne Gatling
121 West Adams Avenue
Saint Louis, Missouri 63122
Telephone:    (314) 821-1111
Facsimile:    (314) 821-0798
E-mail:        jtrogmwb@aol.com


*/s/* **PRESTON HUMPHREY, JR.**
Preston Humphrey, Jr.
Attorney for Timothy Lamont Rush
1015 Locust Street, Suite 413
Saint Louis, Missouri 63101
Telephone:    (314) 621-1765
Facsimile:    (314) 621-0020
E-mail:        phumphrey@phlawstl.com


*/s/* **ROBERT HERMAN**
Robert Herman
Attorney for Andre Alphonso Rush
8820 Ladue Road, Suite 201
Saint Louis, Missouri 63124
Telephone:    (314) 862-0200
Facsimile:    (314) 8620-3050
E-mail:        bherman@laduelaw.com

        */s/*  **STEPHEN R. WELBY**
        Stephen R. Welby
        Federal Public Defender
        Attorney for Lorenzo Ralph Gibbs
        650 Missouri Avenue, Suite G-10A
        East St. Louis, Illinois
        Telephone:   (618) 482-9050
        E-mail:       steve_welby@fd.org

## CERTIFICATE OF SERVICE

     Signature of the foregoing document is also certification that a true and correct copy has been filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon Dean Hoag, Michael Reilly and Tiffany Becker, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, Saint Louis, Missouri 63102 on this 28th day of August, 2018, 2018.

        /s/  ***JoAnn Trog***